IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANKIE SANCHEZ          :

    Petitioner,         :

v.                       :    Civil Action No. WDQ-11-1657
                                        Criminal Case No. WDQ 92-301

UNITED STATES OF AMERICA :

    Respondent.
                               o0o

MEMORANDUM

On June 15, 2011, the Petitioner filed this motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 635. For the following reasons, the motion will be dismissed without prejudice for lack of jurisdiction.[1]

The Petitioner filed his first motion to vacate on April 13, 2007. ECF No. 598. The motion was denied on October 4, 2007. ECF Nos. 604 & 605. This motion, therefore, is a successive § 2255 challenge to the Petitioner's conviction. The motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] Petitioner's Motion to Equitably Toll Limitations Period (ECF No. 636) will be denied without prejudice.

The Petitioner has not received certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim.

The United States Court of Appeals for the Fourth Circuit has instructions for filing a motion to obtain an authorization order. The procedural requirements and deadlines for filing the motion are extensive. The clerk will provide petitioner a packet of Fourth Circuit instructions which address the comprehensive procedure to be followed should the Petitioner seek authorization to file a successive petition. It is emphasized that the Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this Court may examine his claims.

The Petitioner has no absolute entitlement to appeal the denial of his motion. See 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Id. at §2253(c)(2). The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36, (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). The Court will not issue a Certificate of Appealability because the Petitioner has not made the requisite showing. A certificate of appealability will be denied.

9/30/11
Date

William D. Quarles, Jr.
United States District Judge